## Case No. 10,399.

### O'BRIEN COUNTY v. BROWN.

[1 Dill. 588.]

Circuit Court, D. Iowa. 1871.

LIMITATION OF ACTION—FRAUD—NOTICE — JURIS-
DICTION—FRAUDULENT JUDGMENT.

1. The circuit court has jurisdiction of a bill in equity filed by defendant in a judgment rendered therein, against an assignee of a judgment plaintiff, to set aside the judgment for fraud, though both assignee and plaintiff be citizens of the same state, as such proceeding is merely a continuation of the original suit.

[Cited in Re Sabin, Case No. 12,195.]

2. Discovery of fraud, in the meaning of the statute of limitations, is not to be imputed to a county simply because it was known to its officer who committed it.

In equity.

H. B. Wilson and T. M. Dye, for county.

Joy & Wright and Withrow & Wright, for defendant.

DILLON, Circuit Judge. We decide the following points:

1. The court has jurisdiction of a bill in equity, filed by the defendant in a judgment rendered therein, against an assignee of the judgment plaintiff, to set aside the judgment for fraud, though such assignee and the complainant be citizens of the same state. Such a proceeding is, in substance, a continuation of the original suit. Jones v. Andrews, 10 Wall. [77 U. S.] 327; Dunn v. Clarke, 8 Pet. [33 U. S.] 1; St. Luke's Hospital v. Barclay [Case No. 12,241]; Dunlap v. Stetson [Id. 4,164].

2. The bill brought by a county to set aside a judgment, charged to have been fraudulently procured on county warrants fraudulently issued (the assignee of the judgment being charged with complicity and notice of the frauds alleged), held sufficient on demurrer. Clark v. Des Moines, 19 Iowa, 199; Clark v. Polk Co., Id. 248; Burtis v. Cook, 16 Iowa, 194.

3. Discovery of the fraud, within the meaning of the statute of limitations, is not to be imputed to the county from the moment the fraud was perpetrated, simply because it was known to the officer who committed it. Martin v. Smith [Case No. 9,164].

O'BRIEN COUNTY (PHELPS v.). See Case No. 11,078.

O'BRYAN, THE RICHARD. See Case No. 11,767.

## Case No. 10,400.

### O'CALLAGHON v. RIGGS.

[The case reported under above title in 5 Am. Law Reg. 139, is the same as Case No. 7,361.]

O'CALLAHAN (UNITED STATES v.). See Case No. 15,910.

## Case No. 10,401.

### The OCEAN.

[1 Spr. 535; [1] 18 Hunt. Mer. Mag. 295.]

District Court, D. Massachusetts. Feb., 1848.

SHIPPING—BILL OF SALE—DEFEASIBLE UPON CER-
TAIN CONDITIONS—RIGHTS OF THIRD PERSONS—
JOINT OWNERS—THEIR RESPECTIVE RIGHTS.

1. Where there is a bill of sale of a vessel, absolute on its face, but by a collateral agreement between the parties, defeasible upon certain conditions, third persons cannot avail themselves of such conditions to defeat the title of the grantee.

2. Where two persons were joint and equal owners of a vessel, and one of them, while in possession as ship's husband, improperly left her in an unsafe condition, with no person on board, and the other half owner took possession, the court refused to interfere with such possession.

This was a libel in a cause of possession. The libellant [J. N. Harding] was owner of one-half of the schooner Ocean, the other half belonging to one Eaton, of New York, who gave a bill of sale of his half to the claimant, as collateral security for a debt. The libellant, as managing owner, and ship's husband, sent the vessel upon a voyage, and after her return, had made some preparations for sending her upon another, but had, for several days, left her in an unsafe condition, not properly fastened, nor locked up and with no one on board. While in this condition, the claimant [C. A. Replier] took possession of her, and refused to give her up to the libellant, claiming at the time (under a mistake of title), the entire ownership. After this suit was brought, he abandoned the claim for the whole vessel, and relied on his title under Eaton, to one-half, and claimed the right to possession. The libellant contended that the claimant's title under Eaton, was void, he not having fulfilled the terms of his collateral agreement; and that if the claimant's title was good, the right to possession was in the libellant, who had never abandoned the general possession and oversight of the vessel, and had equitable claims upon her for advances, and by reason of contracts for a new voyage.

R. H. Dana, Jr., for libellant.

C. L. Hancock, for claimant.

SPRAGUE, District Judge. The bill of sale from Eaton to the claimant, is absolute on its face, conveying all right of property which Eaton had. This is valid as against third persons. Eaton alone could take advantage of a forfeiture growing out of any collateral agreement, and it is not competent for the libellant to dispute the claimant's title. Considering, therefore, the claimant as rightfully holding the part that originally belonged to Eaton, it becomes a simple ques-

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]